Gregory K. Nelson, CSB No. 203029
nelson@weeksnelson.com
Gregory N. Suhr, CSB No. 328967
gsuhr@weeksnelson.com
Ariel N. Redfern, CSB No. 341314
ariel@weeksnelson.com
WEEKS NELSON
16236 San Dieguito Road, Suite 5-23
P.O. Box 675963
Rancho Santa Fe, CA 92067
Telephone: (858) 794-2140

Attorneys for Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**RAINMAKER SOLUTIONS, INC.,**

Plaintiff,

vs.

**FACTORY CANOPIES, LLC, FORTYONE LLP, AIRLOX, TODD DAVIS and AUSTIN McCURDY,**

Defendant.

Case No.: 8:25-cv-1314-JVS-DFM

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Factory Canopies, LLC, FortyOne LLP, AirLox, Todd Davis, and Austin McCurdy hereby respond to the Complaint of the Plaintiff RainMaker Solutions, Inc.

## NATURE OF CASE

1. Defendants admit that paragraph 1 of the complaint purports to set forth the alleged causes of action of the plaintiff against the Defendants. Except as expressly admitted here in, the defendants deny all allegations of the Complaint.

2. Defendants admit that paragraph 2 of the complaint purports to set forth the alleged causes of action of the plaintiff against the Defendants. Except as expressly admitted here in, the defendants deny all allegations of the Complaint.

## THE PARTIES

3. On information and belief, the Defendants admit the allegations of paragraph 3 of the complaint.

4. Defendants lack sufficient information to either admit or deny the allegations of paragraph 4 of the complaint and thereby denied the allegations there.

5. Defendants admit the allegations of paragraph 5 of the complaint.

6. Defendants admit the allegations of paragraph 6 of the complaint.

7. Defendants admit the first two sentences of paragraph seven of the complaint, and deny remaining allegations of paragraph 7 of the complaint.

8. Defendants deny the allegations of paragraph 8 of the complaint. AirLox is not a company, it is a trademark.

9. Defendant Todd Davis admits that he is an individual residing in Mooresville, North Carolina, and the president of and owner of Factory

Canopies. Except as expressed the admitted herein, the remaining allegations of paragraph 9 are denied.

10. Defendant Austin McCurdy admits that he is an individual residing in Mooresville, North Carolina, and the owner of Defendant FortyOne. Except his expressly admitted herein, the remaining allegations of paragraph 10 are denied.

11. Defendants deny the allegations of paragraph 11 of the complaint.

## JURSIDICTION AND VENUE

12. Paragraph 12 of the complaint is not an assertion of fact and therefore does not require an answer.

13. Defendants do not contest subject matter jurisdiction.

14. Defendants do not contest subject matter jurisdiction.

15. Defendants do not contest subject matter jurisdiction.

16. Defendants do not contest supplemental jurisdiction.

17. Defendants deny the allegations of paragraph 17 of the complaint, but do not contest personal jurisdiction.

18. Defendants deny the allegations of paragraph 18 of the complaint, but do not contest personal jurisdiction.

19. Defendants deny the allegations of paragraph 19 of the complaint, but do not contest personal jurisdiction.

20. Defendants deny the allegations of paragraph 20 of the complaint, but do not contest venue.

21. Defendants deny the allegations of paragraph 21 of the complaint, but do not contest jurisdiction.

… … …

… … …

## FACTUAL BACKGROUND COMMON TO ALL CAUSES OF ACTION

A. RainMaker's Asserted Trademarks

22. Defendants lack sufficient information to either admit or deny the allegations of paragraph 22 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

23. Defendants lack sufficient information to either admit or deny the allegations of paragraph 23 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

24. Defendants lack sufficient information to either admit or deny the allegations of paragraph 24 of the complaint at this time. Defendants therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

25. Defendants lack sufficient information to either admit or deny the allegations of paragraph 25 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

26. Defendants admit that Exhibit A reports to evidence of federally registered trademark for MAGLOCK. Except as admitted here in, the remaining allegations of paragraph 26 are denied.

27. Defendants lack sufficient information to either admit or deny the allegations of paragraph 27 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

… … …

B. RainMaker's Asserted Patents

28. Defendants admit that a copy of US patent numberD871699 is attached as Exhibit B and purports to identify Eduard Albert Jaeger, et al. as the inventors of "Magnetic Quick Connect." Except his expressly admitted herein, the remaining allegations of paragraph 28 of the complaint are denied.

29. Defendants admit that a copy of US patent D817698 is attached as Exhibit C and purports to identify Eduard Albert Jaeger, et al. as the inventors of "Magnetic Quick Connect for Fuse with Forced Air Headgear." Except his expressly admitted herein, the remaining allegations of paragraph 29 of the complaint are denied.

C. The independent Sales Representative Agreement

30. Defendant Todd Davis admits that he entered into an agreement entitled, Independent Sales Representative Agreement ("Agreement") with RainMaker Solutions, Inc. on January 5, 2022. Except as expressly admitted herein, the remaining allegations of paragraph 30 of the complaint are denied.

31. Defendant Davis admits that the Agreement had a singular term of 1-year, which expired. Except as expressly admitted here in, the remaining allegations of paragraph 31 of the complaint are denied.

32. Denied.

33. The Agreement, which expired in 2023, speaks for itself, and no factual allegations are asserted in this paragraph. Except as expressly admitted herein, any allegations of paragraph 33 are denied.

34. Denied.

35. Defendant Davis admits that the terms of his 2022 Agreement provide for a base compensation of $6,000 per month.

36. Defendants lack sufficient information to either admit or deny the allegations of paragraph 36 and therefore deny the allegations of paragraph 36 of the complaint.

37. The Agreement, which expired in 2023, speaks for itself, and no factual allegations are asserted in this paragraph. Except as expressly admitted herein, any allegations of paragraph 37 are denied.

38. The Agreement, which expired in 2023, speaks for itself, and no factual allegations are asserted in this paragraph. Except as expressly admitted herein, any allegations of paragraph 38 are denied.

39. The Agreement, which expired in 2023, speaks for itself, and no factual allegations are asserted in this paragraph. Except as expressly admitted herein, any allegations of paragraph 39 are denied.

40. The Agreement, which expired in 2023, speaks for itself, and no factual allegations are asserted in this paragraph. Except as expressly admitted herein, any allegations of paragraph 40 are denied.

D. <u>RainMaker's Discovery of Defendant's [Alleged] Nefarious Activities and Termination of the Sales Representative Agreement</u>

41. Defendants lack sufficient information to either admit or deny the allegations of paragraph 41 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

42. Admitted.

43. Denied.

44. Defendants lack sufficient information to either admit or deny the allegations of paragraph 44 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

45. Admitted.

46. Defendants lack sufficient information to either admit or deny the allegations of paragraph 46 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

47. Defendants lack sufficient information to either admit or deny the allegations of paragraph 47 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

48. Defendants lack sufficient information to either admit or deny the allegations of paragraph 48 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

49. Defendants lack sufficient information to either admit or deny the allegations of paragraph 49 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

50. Defendants lack sufficient information to either admit or deny the allegations of paragraph 50 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

51. Defendants lack sufficient information to either admit or deny the allegations of paragraph 51 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

52. Defendants lack sufficient information to either admit or deny the allegations of paragraph 52 of the complaint at this time. Defendants, therefore

deny all allegations of this complaint and reserve the right to amend its answer in the future.

53. Defendants lack sufficient information to either admit or deny the allegations of paragraph 53 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

54. Defendants lack sufficient information to either admit or deny the allegations of paragraph 54 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

55. Defendants lack sufficient information to either admit or deny the allegations of paragraph 55 of the complaint at this time. Defendants, therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

56. Defendant Davis admits that he received a separation agreement and check for $6,000 made out to Factory Canopies. Except as expressly admitted herein, the remaining allegations of paragraph 56 of the complaint are denied.

57. Defendant Davis admits that he did not sign the separation agreement and returned the check. Except as expressly admitted herein, the remaining allegations of paragraph 57 of the complaint are denied.

58. Defendants lack sufficient information to either admit or deny the allegations of paragraph 58 of the complaint at this time. Defendants therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

59. Defendants lack sufficient information to either admit or deny the allegations of paragraph 59 of the complaint at this time. Defendants therefore

deny all allegations of this complaint and reserve the right to amend its answer in the future.

60. Davis admits that he returned an iPad, laptop, and display stand to the plaintiff. Except as expressly admitted herein, the remaining allegations of paragraph 60 of the complaint are denied.

61. Defendants lack sufficient information to either admit or deny the allegations of paragraph 61 of the complaint at this time. Defendants therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

62. Defendants lack sufficient information to either admit or deny the allegations of paragraph 62 of the complaint at this time. Defendants therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

63. Denied.

64. Defendants lack sufficient information to either admit or deny the allegations of paragraph 64 of the complaint at this time. Defendants therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

65. Defendants lack sufficient information to either admit or deny the allegations of paragraph 65 of the complaint at this time. Defendants therefore deny all allegations of this complaint and reserve the right to amend its answer in the future.

## COUNT I – TRADE SECRET MISAPPROPRIATION

66. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

## COUNT II – TRADEMARK INFRINGEMENT

79. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT III – FEDERAL UNFAIR COMPETITION

88. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

COUNT IV – PATENT INFRINGEMENT: D871,699

103. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

… … …

… … …

COUNT IV – PATENT INFRINGEMENT: D871,698

111. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

COUNT VI – UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

119. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

120. Paragraph 120 does not assert any allegations fact and therefore requires no answer.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

COUNT VII – BREACH OF CONTRACT

129. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

130. Defendant Davis admits that he individually entered into the Agreement on January 5, 2022 with Plaintiff. Except as expressly admitted herein, the remaining allegations of paragraph 130 are denied.

131. Denied.

132. Denied.

133. Denied.

COUNT VIII - CONVERSION

134. Defendants repeat, and reallege, each and every response to the allegations contained in the above paragraphs as though fully set forth herein.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

… … …

… … …

… … …

**AFFIRMATIVE DEFENSES**

Defendants, and each of them, assert the following additional and affirmative defenses without admitting that it bears the burden of proof as to any of them.

**First Defense – Invalidity**

146. One or more claims of each of patent numbers D871,698 (the ‘‘698 Patent) and D871,699 (the “’699 Patent”) are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C., including without limitation §§ 101, 102, 103 and/or 112.

**Second Defense – Noninfringement**

148. Defendants do not infringe and have not infringed any valid and enforceable claim of the Patents-in-Suit, whether directly or indirectly, literally or under the doctrine of equivalents.

**Third Defense – Bars to Infringement Assertion**

149. RainMaker’s claims are barred, in whole or in part, by reason of estoppel, the dedication-disclosure rule, ensnarement of the prior art, and/or other legal doctrines limiting the scope of the claims and their equivalents. By way of example and not limitation, RainMaker is estopped from construing any valid claim of the Patents-in-Suit to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by RainMaker in view of prior art and/or because of admissions, representations, statements, and/or conduct before the United States Patent and Trademark Office (“PTO”) during prosecution of any application leading to the issuance of the Patents-in-Suit or any related patent, because of disclosures or language in the specifications of the Patents-in-Suit, and/or because of limitations in the claims of the Patents-in-Suit.

**Fourth Defense – Inequitable Conduct**

153. RainMaker's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

**Fifth Additional Defense – Failure to Mark**

154. RainMaker's claims for relief and prayer for damages are limited or barred under 35 U.S.C. § 287.

**Sixth Defense - Ownership**

155. To the extent that RainMaker does not have rights to the Patents-In-Suit, RainMaker has no standing to maintain its claims.

**Seventh Defense – Not Exceptional Case**

156. RainMaker is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285 or pursuant to the Court's inherent power.

**Eighth Defense - License**

157. On information and belief, Rainmaker's claims for relief are barred in whoel or in part by an implied license.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that the Court enter judgment in their favor and against RainMaker as follows:

1. That RainMaker takes nothing and is denied any relief whatsoever;
2. That RainMaker's claims against Defendants be dismissed in their entirety, with prejudice;
3. For a declaration that Defendants have not infringed and do not infringe any claim of the Patents-in-Suit;
4. For a declaration that the Patents-in-Suit are invalid;
5. For a declaration that the Patents-in-Suit are unenforceable;

… … …

6. For a permanent injunction that enjoins RainMaker, its officers, agents, servants, employees, and those persons acting in convert or participation with all or any of them, from asserting or otherwise seeking to enforce the Patents-in-Suit against Defendants or anyone in privity with Defendants;

7. That Defendants be awarded the costs incurred in connection with this action; and

8. That Defendants be awarded such further relief as the Court may deem just and proper.

DATED: November 13, 2025 WEEKS NELSON

*/s/ Gregory K. Nelson*
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT has been served on November 13, 2025 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

DATED: November 13, 2025 *<u>/s/ Gregory Nelson</u>*
GREGORY K NELSON